UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JEFFREY KENNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:19-CV-465-TRM-DCP |
| | ) |
| INTERNATIONAL RECOVERY | ) |
| PARTNERS & ASSOCIATES, LLC, | ) |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order [Doc. 20] of the District Judge.

Now before the Court is Plaintiff's Motion for Default Judgment [Doc. 19]. Plaintiff's Motion requests that the Court enter a default judgment against Defendant in the total amount of $1,575.00. For the reasons more fully explained below, the Court **RECOMMENDS** that Plaintiff's Motion for Default Judgement [**Doc. 19**] be **GRANTED**. Specifically, the Court **RECOMMENDS** that a default judgment in the amount of $500.00 for statutory damages under the Fair Debt Collection Practices Act ("FDCPA") be entered in Plaintiff's favor and that Plaintiff be awarded $1,075.00 in attorney's fees and costs for litigating this case. Accordingly, the Court **RECOMMENDS** that a total amount of $1,575.00 be awarded to Plaintiff.

**I.     BACKGROUND**

The following allegations are taken from Plaintiff's First Amended Complaint. [Doc. 9]. Plaintiff took out a payday loan from "Payday-Loan-Yes" to cover everyday living expenses, such as bills. [*Id.* at ¶ 7]. Plaintiff allegedly defaulted on the payday loan and subsequently began receiving calls from Defendant, a debt collector, regarding the purported debt. [*Id.* at ¶¶ 7-8].

1

Defendant threatened Plaintiff over the phone, stating that it would file a lawsuit against Plaintiff if the debt was not paid. [*Id.* at ¶ 9]. The First Amended Complaint states that Defendant does not have the legal authority to file a lawsuit against Plaintiff to collect the purported debt. [*Id.* at ¶ 10]. Moreover, the First Amended Complaint states that in the alternative, Defendant does not file lawsuits against consumers located in Tennessee and does not actually intend to file a lawsuit against Plaintiff. [*Id.* at ¶¶ 11-12]. As a result of Defendant's actions, Plaintiff alleges that he has suffered annoyance and aggravation. [*Id.* at ¶ 13].

The First Amended Complaint alleges that, by threatening Plaintiff with litigation over his "Payday-Loan-Yes" loan when Defendant did not have the ability or intention to follow through on its threat, Defendant's actions violated 15 U.S.C. § 1692e(5). [*Id.* at ¶ 19]. Plaintiff requests $1,000.00 in statutory damages under 15 U.S.C. § 1692k(a)(2)(A), actual damages in an amount to be determined at trial as provided for by 15 U.S.C. § 1692k(a)(1), costs and reasonable attorney's fees under 15 U.S.C. § 1692k(a)(3), and any other relief that the Court deems just and appropriate. [*Id.* at 4].

## II. PROCEDURAL POSTURE

Defendant was served with Plaintiff's original Complaint on November 25, 2019. [Doc. 12].[1] Defendant did not respond to Plaintiff's Complaint within the time allowed by the Federal Rules of Civil Procedure. On March 12, 2020, the Clerk entered a default [Doc. 17] against Defendant.

On April 14, 2020, Plaintiff filed the instant Motion. [Doc. 19]. The Motion requests that the Court enter a default judgment against Defendant. For grounds, Plaintiff asserts that he will

---

[1] In the instant Motion, Plaintiff states that it served Defendant with the First Amended Complaint by regular mail because the First Amended Complaint did not set forth any additional causes of action against Defendant. [Doc. 19 at 1].

2

be prejudiced in the absence of a default judgment because Defendant is unlikely to defend this suit and that without a judgment, Plaintiff will be unable to vindicate his rights under the FDCPA. Plaintiff also asserts that his claims are meritorious and that he has sufficiently pled a claim under the FDCPA. In addition, Plaintiff states that the amount he seeks is modest and that there are no known disputed facts in this case. Finally, Plaintiff submits that Defendant's default is not due to excusable neglect and that a decision on the merits is impossible given Defendant's default.

With respect to damages, Plaintiff seeks statutory fees, reasonable attorney's fees, and costs of this action. Plaintiff states that the Court may award statutory damages up to $1,000 for a violation of the FDCPA; however, he is only seeking $500 in statutory damages because his First Amended Complaint does not specify the number of times Defendant threatened him with a lawsuit. Plaintiff states that in similar circumstances, courts have awarded $500, rather than the full $1,000 provided in the statute.

In addition, Plaintiff seeks $675 in attorney's fees and $400 in court costs. With respect to the attorney's fees, Plaintiff states that his request is reasonable. He explains that his counsel's hourly rate is $270 and that counsel only seeks 2.5 hours of time for preparing the instant Motion. In support of the request for attorney's fees, Plaintiff filed the Declaration of Jonathan Hilton, Plaintiff's attorney. [Doc. 19-1].

### III. ANALYSIS

The Court will first address Plaintiff's request for entry of default judgment and then turn to Plaintiff's request for damages.

#### A. Entry of Default Judgment

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the

3

party's default." Fed. R. Civ. P. 55(a).  Following the Clerk's entry of default, a party may apply for default judgment, and the Court may conduct a hearing – if needed, to perform an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter – prior to entering default judgment.  Fed. R. Civ. P. 55(b).  Furthermore, "[o]nce the Clerk has entered a default against a defendant, the Court must treat all well-plead allegations in the Complaint as true."  *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) (citing *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) (entry of default judgment "conclusively establishes every factual predicate of a claim for relief")).

In the present matter, there is no dispute that the Clerk has entered a default in accordance with Rule 55 [Doc. 17], and Plaintiff has moved [Doc. 19] for entry of default judgment.  Taking as true the allegations in the First Amended Complaint [Doc. 9], the Court **INCORPORATES BY REFERENCE** the allegations as set forth by Plaintiff.  The Court accepts all such allegations, and specifically **FINDS**, based upon entry of default, that Defendant has violated the FDCPA.

The Court will now turn to the specific amount of damages requested.

**B.** **Damages**

To ascertain a sum of damages, Federal Rule of Civil Procedure 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing."  *Vesligaj v. Peterson*, 331 F. App'x 351, 354–55 (6th Cir. 2009) (citing *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)) ("[I]t was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.").  Courts within the Sixth Circuit explain that an evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it.  *HICA Educ. Loan Corp. v. Jones*, No. 4:12-CV-962, 2012 WL 3579690, at *1 (N.D. Ohio Aug. 16, 2012).

4

As mentioned above, Plaintiff's Motion states that "[t]he default judgment should include $500.00 under the FDCPA; $675.00 in attorney fees; and $400.00 in court costs." [Doc. 19 at 4]. Given that the Motion explains Plaintiff's request for an award of $1,575.00, the Court finds that the record is sufficiently detailed to enable the undersigned to determine the appropriate amount of damages without holding an evidentiary hearing. *Schilling v. Interim Healthcare of Upper Ohio Valley, Inc.*, No. 2:06-CV-487, 2007 WL 152130, at *1 (S.D. Ohio Jan. 16, 2007) (noting that a court may rely on affidavits submitted to determine the issue of damages). Accordingly, the Court finds an evidentiary hearing is not necessary to determine the amount of damages in this case.

### 1. Statutory Damages

Plaintiff's Motion states that pursuant to 15 U.S.C. § 1692k(a)(2)(A), the Court may award statutory damages of up to $1,000 for a violation of the FDCPA. Plaintiff states that he only seeks $500 in statutory damages because the First Amended Complaint does not specify the number of times that Defendant threatened him with a lawsuit.

The FDCPA authorizes the Court to award a plaintiff actual damages, plus statutory damages in an amount not to exceed $1,000. 15 U.S.C. § 1692k(a). "The FDCPA does not require proof of actual damages as a precursor to the recovery of statutory damages". *Brown v. Halsted Fin. Servs., LLC*, No. 3:12-CV-308, 2013 WL 693168, at *1 (S.D. Ohio Feb. 26, 2013) (other citations omitted). When determining the amount of statutory damages for an individual action brought under the FDCPA, the court considers "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1); *Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 650-51 (6th Cir. 1994) (citing 15 U.S.C. § 1692k(b)(1)).

5

As alleged in the First Amended Complaint, Defendant did not have the legal ability or intention to initiate litigation, but nevertheless, called Plaintiff and threatened to bring suit if Plaintiff did not pay the purported debt. [Doc. 9 at ¶¶ 8-9]. Defendant's call and subsequent threat violated 15 U.S.C. § 1692e(5). With respect to the frequency and persistence of the Defendant's noncompliance, however, Plaintiff acknowledges that his First Amended Complaint does not specify how many times he was contacted by Defendant about the purported debt.

The Court finds that this case presents a situation warranting a statutory award under the FDCPA but not the maximum statutory amount available under 15 U.S.C. § 1692k(a). *Weiss v. Zwicker & Assocs., P.C.*, 664 F. Supp. 2d 214, 218 (E.D.N.Y. 2009) (finding $500 to be appropriate when defendant committed one violation of the FDCPA, but there was no evidence that the violation was intentional); *Gilden v. Platinum Holdings Group, LLC,* No. 1:18-CV-343, 2019 WL 590745, at *3 (S.D. Ohio Feb 13, 2019) (awarding $500 in statutory damages under the FDCPA where the defendant made a single call); *Brown,* 2013 WL 693168, at *1–2 (finding that, where a defendant's one call intentionally violated several provisions of the FDCPA, an award of $500 in statutory damages was warranted). Accordingly, the Court recommends that Plaintiff be awarded $500.00 in statutory damages for Defendant's violation of 15 U.S.C. § 1692e(5).

### 2. Reasonable Attorney's Fees

Next, the Motion asserts that Plaintiff should also be awarded reasonable attorney's fees in the amount of $675.00 pursuant to 15 U.S.C. § 1692k(a)(3). [Doc. 19 at 5, 6]. Plaintiff, in support of his Motion, has attached the Declaration of Jonathan Hilton, Plaintiff's attorney, which details Mr. Hilton's experience and credentials. [Doc. 19-1]. Moreover, Plaintiff's Motion points out that Mr. Hilton has recently received a comparable hourly rate in a similar case. [Doc. 19 at 6].

The FDCPA authorizes an award of reasonable attorney's fees. 15 U.S.C. § 1692k(a)(3). A "reasonable attorney fee" is calculated by multiplying a "reasonable hourly rate" by the number of hours "reasonably expended on the litigation." *Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). "A reasonable fee is one that is adequate to attract competent counsel, but ... [does] not produce windfalls to attorneys." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (internal quotations omitted). In determining the appropriate hourly rate to apply, the district court must consider the prevailing market rate in the relevant community, which for fee purposes, is the legal community within the court's territorial jurisdiction or venue. *Brooks v. Invista*, No. 1:05-cv-328, 2008 WL 304893, at *3 (E.D. Tenn. Jan. 30, 2008) (citing *Adcock-Ladd v. Sec'y of the Treasury*, 227 F.3d 343, 349 (6th Cir. 2000)). The prevailing market rate is typically considered "the rate that lawyers of comparable skill and experience can reasonably expect to command in the venue of the court of record." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (other citations omitted).

In determining the number of hours reasonably expended in the litigation, "[t]he documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Imwalle*, 515 F.3d at 551 (quoting *United Slate, Local 307 v. G & M roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984)). "Although counsel need not record in great detail each minute he or she spent on an item, the general subject matter should be identified." *Id.* at 552 (internal quotations omitted).

Here, Plaintiff requests $270.00 per hour for the 2.5 hours of time his attorney, Mr. Hilton, expended in preparing Plaintiff's Motion. [Doc. 19 at 5]. Citing to Model Rule of Professional Conduct 1.6 and its Tennessee equivalent, Plaintiff's counsel states that he cannot provide a

7

detailed declaration of hours worked and tasks performed. Thus, he is only requesting time for preparing the instant Motion.

Hilton's Declaration states that Courts have previously awarded him $325.00 per hour for his work on a bankruptcy matter and that he has represented over one hundred plaintiffs in FDCPA cases. [Doc. 19-1 at ¶¶ 3, 10]. Mr. Hilton's Declaration also notes that he graduated first in his law school class at the University of Cincinnati College of Law and that he has been awarded numerous accolades throughout his legal career. [*Id.* at ¶¶ 5-6]. Furthermore, Plaintiff's Motion states that Mr. Hilton has recently received $270.00 per hour in a similar case. [Doc. 19 at 6]; *see Fuller v. Lakeshore Financial LLC*, No. 2:18-CV-1772, 2019 WL 5862811, at *4–5 (S.D. Ohio Nov. 8, 2019) (awarding reasonable attorney fees to Mr. Hilton in the amount of $270.00 per hour).

The Court finds Mr. Hilton's requested hourly rate reasonable. *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 499 (6th Cir. 2011) (holding that a district court may rely on awards in analogous cases to determine what constitutes a "reasonable attorney fee"); *Dowling v. Litton Loan Servicing LP*, 320 F. App'x 442, 447 (6th Cir. 2009) (concluding that evidence of rates awarded in previous similar cases can be considered as evidence of the market rate). The Court finds that Mr. Hilton is an accomplished attorney with an above average level of experience in assisting plaintiffs with litigating FDCPA matters, which further supports the conclusion that Mr. Hilton, based on his background, skill, and experience, could reasonably command an hourly rate of $270.00 per hour in this venue.

Furthermore, the Court finds that the 2.5 hours Mr. Hilton expended on preparing the Motion is reasonable. *McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005) (holding that explicitly detailed descriptions of time expended on the litigation are not required). Accordingly, the Court concludes that Mr. Hilton's hourly rate and time expended on the litigation are

reasonable, and therefore, the Court will recommend that Plaintiff be awarded $675.00 in attorney's fees.

### 3. Costs

Finally, Plaintiff's Motion seeks an award of court costs in the amount of $400.00 for the filing fee but not the $90.00 pro hac vice fee. [Doc. 19 at 7]. The Motion states that, under 15 U.S.C. § 1692k(a)(3), a successful Plaintiff is entitled to recover court costs. [*Id.*].

Because the FDCPA authorizes an award of costs, the Court finds that these costs are reasonable and compensable. 15 U.S.C. § 1692k(a)(3); *Brown,* 2013 WL 693168, at *3 (awarding court costs in the amount of $385.00 for a filing fee and office costs). Accordingly, the Court recommends that Plaintiff be awarded court costs in the amount of $400.00.

## IV. CONCLUSION

Based upon these findings and taking all well-pleaded allegations in the First Amended Complaint as true, the undersigned **RECOMMENDS**[2] as follows:

1. The Motion for Entry of Default Judgement **[Doc. 19]** be **GRANTED**,

2. The Defendant be **ADJUDGED** as having violated 15 U.S.C. § 1692e(5) of the Fair Debt Collection Practices Act; and

3. Judgment in the total amount of $1,575.00, representing a $500.00 statutory award under the FDCPA, $675.00 in

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

reasonable attorney's fees, and $400.00 in court costs, be awarded to Plaintiff.

The Clerk of Court is **DIRECTED** to send Defendant a copy of this Report and Recommendation at the address provided in [Doc. 12].

                                                Respectfully submitted,

                                                Debra C. Poplin
                                                United States Magistrate Judge